NUMBER
13-10-00580-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

____________________________________________________________

 

JOSE
LUIS GARCIA,                                                                     Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                 Appellee.

____________________________________________________________

 

                           On
appeal from the 148th District Court

                                       of
Nueces County, Texas.

____________________________________________________________

 

                                MEMORANDUM
OPINION

 

                      Before
Justices Garza, Benavides, and Vela 

                               Memorandum
Opinion Per Curiam

 








Appellant,
Jose Luis Garcia, attempted to perfect an appeal from a conviction for
aggravated assault.  We dismiss the appeal for want of jurisdiction.

Sentence
in this matter was imposed on September 3, 2010, a motion for new trial was
filed on October 8, 2010, and notice of appeal was filed on October 8, 2010. 
On October 15, 2010, the Clerk of this Court notified appellant that it
appeared that the appeal was not timely perfected.  Appellant was advised that
the appeal would be dismissed if the defect was not corrected within ten days
from the date of receipt of the Court’s directive.  Appellant has not filed a
response to this Court’s notice.

Texas
Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed
or suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, notice of appeal shall be filed
within ninety days after the sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  The time
within which to file the notice may be enlarged if, within fifteen days after
the deadline for filing the notice, the party files the notice of appeal and a
motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 26.3.

According
to Texas Rules of Appellate Procedure 21.4, appellant had thirty days after the
day sentence was imposed to file his motion for new trial.  Tex. R. App. P. 21.4.  Because the
thirtieth day fell on Sunday, appellant had until the following Monday, October
4, 2010 to file a motion for new trial.  See Tex. R. App. P. 4.1.  The motion for new trial was untimely
because it was filed on October 8, 2010.  Therefore, his notice of appeal was
due to have been filed within thirty days after the day sentence was imposed or
suspended in open court.  See Tex.
R. App. P. 26.2(a)(2).  Appellant did not file a motion for extension of
time to file his notice of appeal as permitted by Texas Rule of Appellate
Procedure 26.3 and did not file his notice of appeal until October 8, 2010.

This
Court’s appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). 
Absent a timely notice of appeal, a court of appeals does not obtain
jurisdiction to address the merits of the appeal in a criminal case and can
take no action other than to dismiss the appeal for want of jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim.
App. P. 1998).  Appellant may be entitled to an out-of-time appeal by
filing a post-conviction writ of habeas corpus returnable to the Texas Court of
Criminal Appeals; however, the availability of that remedy is beyond the
jurisdiction of this Court.  See Tex.
Code Crim. Proc. Ann. art. 11.07,
§ 3(a) (Vernon 2005); see also Ex parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).  

The
appeal is hereby DISMISSED FOR WANT OF JURISDICTION.

 

PER
CURIAM

 

Do not publish.  

Tex. R. App.
P. 47.2(b).  

Delivered and filed the

16th day of December, 2010.